IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DENNIS LEWIS RILEY,                    :
                                       :
                    Plaintiff,         :
                                       :        NO. 4:17-CV-39-CDL-MSH
              VS.                      :
                                       :
DARYL WARREN, *et al.*,                :
                                       :
                    Defendants.        :
_____        :

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders, *pro se* Plaintiff Dennis Lewis Riley,

a prisoner currently incarcerated at the Rutledge State Prison in Columbus, Georgia, has

recast the statement of claims in his civil rights complaint filed pursuant to 42 U.S.C. §

1983 (ECF No. 14). Plaintiff has also filed another motion for leave to proceed *in forma*

*pauperis* ("IFP") (ECF No. 15). For the following reasons, it is RECOMMENDED that

Plaintiff's Americans with Disabilities Act ("ADA") claims and his claims against

Defendant Hatcher be DISMISSED without prejudice. Plaintiff's excessive force claims

against Defendants Warren, Stubb, and Ferguson shall proceed for further factual

development. Because Plaintiff's motion for leave to proceed IFP has already been granted

and the initial partial filing fee previously ordered has been waived, Plaintiff's pending

motion to proceed without prepayment of the Court's filing fee is DENIED as moot.

# PRELIMINARY SCREENING

## I.    Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations

Plaintiff's claims arise from his imprisonment at Rutledge State Prison in Columbus, GA. Recast Compl. 4, ECF No. 14. Plaintiff alleges that he began to feel weak and dizzy during a scheduled appointment with his mental health counselor on June 9, 2015. *Id.* Plaintiff's counselor immediately notified a nurse who instructed the counselor to call medical. *Id.* Plaintiff was escorted back to his cell, where he lost consciousness. *Id.* When he awoke, Plaintiff was being examined by two nurses. *Id.* Approximately two minutes later, Defendant Warren (the deputy warden of security) and other prison

employees, including Defendants Stubb and Ferguson (members of the prison's CERT team), approached Plaintiff's cell. *Id.* According to Plaintiff, Defendant Warren accused Plaintiff of "faking" and ordered the nurses who were tending to Plaintiff to move aside. *Id.* Defendants Stubb and Ferguson then "ran into [Plaintiff's] cell," shackled his legs, and began to cuff Plaintiff's hands in front of him; but Defendant Warren stated, "No. That's too good for his fat ass. Flip him on his stomach and cuff him behind his back." *Id.* Plaintiff alleges that Defendant Stubb "grabbed" Plaintiff's right arm and "jerked it three times in an effort to turn [Plaintiff] over," dislocating Plaintiff's shoulder and tearing his rotator cuff. *Id.* at 4-5. Plaintiff states that Defendants Ferguson and Stubb then "lifted and flipped [Plaintiff] over, dropping [him] on his face causing [him] more pain" and further damaging Plaintiff's right arm. *Id.* at 5. Plaintiff alleges he was "prone on the floor unmoving" during this entire episode and that he ultimately required several surgeries to repair the damage to his arm. *Id.* at 4, 5.

Plaintiff contends Defendants' use of force was excessive and violated his constitutional rights. *Id.* at 4, 5. Plaintiff also states that "excessive force against a mental ill prisoner violates Plaintiff constitutional rights under the Americans with Disabilities Act." Attach. 1 to Recast Compl. at 1, ECF No. 14-1. Plaintiff seeks compensatory and punitive damages, and "any other relief deemed necessary by the court." Recast Compl. 7, ECF No. 14.[1]

---

[1]Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

### III.    Plaintiff's Claims

#### A.    Excessive Force

Plaintiff alleges that Defendants Stubb and Ferguson used excessive force against him and that Defendant Warren was responsible for this excessive use of force because he gave the order for the restraint.   Force that is applied to a prisoner "maliciously and sadistically to cause harm" can violate the Eighth Amendment and give rise to claims under § 1983.  *See, e.g., Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002).  A supervisor can be held liable for his subordinates' conduct where facts support an inference that he directed them to act unlawfully.  *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam).   Construing Plaintiff's allegations liberally and taking them as true, the undersigned cannot say as a matter of law that Plaintiff's excessive force claims are entirely devoid of merit.   Accordingly, Plaintiff's Eighth Amendment claims against Defendants Warren, Stubb, and Ferguson shall proceed for further factual development.

#### B.    Claims against Defendant Hatcher

Plaintiff does not make any factual allegations against Defendant Hatcher, the prison's warden, in the body of his Recast Complaint.  As such, the basis for Plaintiff's claims against Defendant Hatcher is unclear, and they could be dismissed on this ground alone.  *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (Finding dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a

---

Thus, to the extent Plaintiff seeks his release from prison as a remedy for the constitutional violations he alleges, such relief is not available in a Section 1983 case.

particular constitutional violation). To the extent Plaintiff believes Defendant Hatcher should be liable for the conduct of Defendants Warren, Stubb, or Ferguson, Plaintiff has failed to state a claim upon which relief may be granted. Supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix*, 535 F. App'x at 805. A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Plaintiff does not allege that Defendant Hatcher personally participated in any violation of Plaintiff's constitutional rights, nor do Plaintiff's allegations suggest that Defendant Hatcher had any knowledge of a widespread pattern of abuse, an improper custom or policy, or that he directed any subordinates to act unlawfully or knew they would do so and failed to stop them. *See id.* Accordingly, the undersigned RECOMMENDS that Plaintiff's claims against Defendant Hatcher be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

C.     ADA Claims

In his Recast Complaint, Plaintiff states that Defendants' use of excessive force against him violates the ADA.  Attach. 1 to Recast Compl. 1, ECF No. 14-1.  To the extent Plaintiff is attempting to raise an ADA claim, such claim must fail.  Title II of the ADA prohibits discrimination in services, programs, or activities of a "public entity" or "discrimination by any such entity." *See* 42 U.S.C. § 12132; *see also* 42 U.S.C. § 12131. State prisons are considered to be "public entities" which may be sued under the ADA.  *See United States v. Georgia*, 546 U.S. 151, 154 (2006).  To state a claim under the ADA,

> a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

Plaintiff has only named individuals as Defendants, and there is no individual liability under the ADA.  *See, e.g., Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam).  Additionally, Plaintiff has not established that he suffers from a "disability" within the meaning of the ADA.  The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities" of an individual; "a record of such an impairment," or "being regarded as having such an impairment."  42 U.S.C. § 12102(1).  The fact that an individual simply has an impairment does not necessarily mean that the individual has a "disability" as defined by the ADA. Instead, "[t]he ADA requires that the impairment substantially limit one or more of the individual's major life activities."  *Gordon v. E.L. Hamm & Assocs., Inc.*, 100 F.3d 907,

911 (11th Cir. 1996). Plaintiff has attached documents to his Recast Complaint that indicate he may be suffering from various conditions that could be considered mental impairments, including post-traumatic stress disorder, organic affective disorder, intermittent explosive disorder, frontal lobe syndrome, cognitive disorder, and migraines. Attach. 1 to Recast Compl. 5, ECF No. 14-1. Plaintiff fails to explain, however, how these potential impairments "substantially limit" any of his "major life activities." *See, e.g., Cash v. Smith*, 231 F.3d 1301, 1305-06 (11th Cir. 2000) (plaintiff failed to show impairments, including seizure disorder, diabetes, migraines, and depression, substantially limited major life activities). Furthermore, even assuming that Defendants' alleged use of force could be considered "discrimination" within the meaning of the ADA, Plaintiff has alleged no facts suggesting that this "discrimination" was on the basis of Plaintiff's mental health conditions. For these reasons, Plaintiff's ADA claims fail to state a claim upon which relief may be granted. It is therefore RECOMMENDED that they be DISMISSED without prejudice.

## IV. Conclusion

Based on the foregoing, it is RECOMMENDED that Plaintiff's ADA claims and his claims against Defendant Hatcher be DISMISSED without prejudice, and Plaintiff's pending motion to proceed without prepayment of the Court's filing fee is DENIED as moot. Plaintiff's excessive force claims against Defendants Warren, Stubb, and Ferguson, however, shall proceed for further factual development.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, Chief United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Warren, Stubb, and Ferguson, it is accordingly ORDERED that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the

possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are

authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, interrogatories may not exceed TWENTY-FIVE (25) to each party, requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed

FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

SO ORDERED AND RECOMMENDED, this 6th day of February, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE